IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| MO-KAN IRON WORKERS WELFARE FUND, | ) ) ) | |
| DONALD E. GREENWELL, III Trustee, | ) ) ) ) | |
| and | ) ) | |
| R. PAUL JONES, Trustee, | ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Case No. 06-4095-CV-C-NKL |
| METROPOLITAN LIFE INSURANCE COMPANY, | ) ) ) ) | |
| and | ) ) | |
| THE CITIZENS-FARMERS BANK OF COLE CAMP, | ) ) ) ) | |
| Defendants. | ) | |

**ORDER**

Pending before the Court is Plaintiffs' Motion to Strike Affirmative Defenses Raised by Defendant Citizens-Farmers Bank of Cole Camp ("Citizens") [Doc. # 11]. For the reasons set forth below, the Court denies Plaintiffs' Motion without prejudice.

**I. Background**

Levi Riley is a minor who was injured in a car accident in April 2001. Levi was also the beneficiary of an insurance plan administered by Plaintiffs under the terms of the

1

Employee Retirement Income Security Act of 1974 ("ERISA"). 29 U.S.C. § 1001, *et seq*.
Plaintiffs paid Levi's medical bills from the accident. Plaintiffs are now seeking to recover funds which the Rileys received from third-parties to settle Levi's claims arising out of the auto accident. The ERISA plan contained a subrogation clause permitting Plaintiffs to recover funds obtained from third-party wrongdoers.

Plaintiffs allege that the Rileys never notified Plaintiffs about the settlement or their recovery. They also assert that the Rileys deposited the settlement proceeds with the Defendants.

After being served with Plaintiffs' Complaint, Citizens filed an Answer containing several affirmative defenses [Doc. # 4]. In its affirmative defenses, Citizens identifies several principles of state law that it alleges are not preempted by ERISA. Citizens also states that Plaintiffs' payments for Levi's medical bills were for the benefit of his parents and therefore not subject to subrogation. Finally, Citizens claims that Bonita Riley does not have control over the funds in dispute because of the manner in which they are deposited with the Defendants.

Plaintiffs seek to strike these affirmative defenses.

**II.     Discussion**

Federal Rule of Civil Procedure 12(f) governs striking pleadings and it states:

> [T]he court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

Fed. R. Civ. P. 12(f). "Striking a party's pleadings is an extreme measure" and "motions

2

to strike under [Rule 12(f)] are viewed with disfavor and are infrequently granted." *Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000) (reversing the district court's striking of irrelevant pleadings) (citations omitted).

Plaintiffs assert that Citizens' affirmative defenses should be stricken because they are not accurate either legally or factually. Both Plaintiffs and Defendants submit documents in support of their respective positions.

A motion to strike is not the proper mechanism for obtaining a ruling on the issues raised by the parties, particularly because the parties have attached evidentiary support for their respective positions. Instead Plaintiffs should file a motion for summary judgment which will permit the Court to determine whether there are disputed issues of fact. This will also permit the Plaintiffs to raise their arguments in the context of the facts and demonstrate which specific state laws are preempted by ERISA.

The Court is unable to find in the current record a sufficiently clear issue that would permit striking Citizens' affirmative defenses.

## III. Conclusion

Accordingly, it is hereby

ORDERED that Plaintiffs' Motion to Strike Affirmative Defenses Raised by Defendant Citizens-Farmers Bank of Cole Camp [Doc. # 11] is DENIED without prejudice.

s/ Nanette K. Laughrey

                                            NANETTE K. LAUGHREY
                                            United States District Judge

DATE:  August 9, 2006
Jefferson City, Missouri